## BUSH WOOD v. STATE.

No. A-3509. Opinion Filed June 19, 1920.

(190 Pac. 280.)

(Syllabus.)

INTOXICATING LIQUORS—Unlawful Transportation—Sufficiency of Evidence. In a prosecution for unlawfully transporting intoxicating liquor, evidence examined, and held sufficient to sustain the conviction, and that no reversible error was committed on the trial.

*Appeal from County Court, Cherokee County; J. D. Cox, Judge.*

Bush Wood was convicted of unlawfully transporting intoxicating liquor and appeals. Affirmed.

*George N. Hughes,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

DOYLE, P. J. Plaintiff in error Bush Wood and one Lon Johnson were jointly charged with transporting 12 half pints of whisky from a place unknown to a point in front of Sansing's store in the town of Park Hill, in Cherokee county. Upon his separate trial plaintiff in error Wood was convicted and his punishment fixed at a fine of $500 and six months in jail. From the judgment rendered on the verdict, he appeals.

The principal contention on the part of the plaintiff in error is that the evidence is insufficient to sustain the verdict, in that it does not meet the requirement of the statute which declares the testimony of an accomplice insufficient to convict unless it is corroborated by other evi-

dence tending to connect the defendant with the commission of the offense.

The evidence on the part of the state was substantially as follows:

"I am the wife of Price Mathews, a merchant in Park Hill. His place of business is across the street from the Sansing store. I have known Bush Wood for seven or eight years. I saw him probably 10 minutes before the 3:10 p. m. train arrived, driving a car, and he stopped across the street. Lon Johnson was with hm. Bust Wood came into our store and warmed, and just after the train passed a man took some whisky out of the car."

Sam Agee testified:

"I am a blacksmith at Park Hill, I saw Bush Wood and Lon Johnson pass in a car. It was something near 3 o'clock."

Lon Johnson testified:

"At that time I lived two miles southwest of Park Hill. I went to Tahlequah on the train and met Bush Wood there about 11 o'clock. I asked him if he could get me some whisky.. He said he could; that he was going out to Park Hill, and I could go back with him. I got eight half pints of Old Taylor whisky from him out by Cale Starr's place, and paid him for it at Park Hill. I served a term in the penitentiary for assault with intent to kill. I was convicted before statehood for disposing of whisky. I was convicted yesterday of transporting whisky under a separate charge."

This witness entered a plea of guilty in this case at the February, 1920, term of the district court of Cherokee county, was convicted of the murder of Rex Sansing, and is now serving a life sentence in the penitentiary.

E. A. Maloney testified:

"I was deputy United States marshal stationed at Tahlequah. On the day alleged, I went from there to Park Hill on the train. Arrived there about 3:30 p. m. I saw Bush Wood driving west just before the train stopped. I recognized the car as Bush Wood's car. There was a Winchester in the car. I picked it up and unloaded it. I got a piece of iron and broke into the back part of the car, which was locked, and found 12 pints of Old Taylor whisky in there. I later arrested Lon Johnson and he had 6 half pints of Old Taylor whisky."

Ned Gritts testified:

"I am chief of police of the city of Tahlequah. On the date alleged I saw Bush Wood driving his car down Main street, and Lon Johnson was with him."

There was no testimony offered by the plaintiff in error.

These are the undisputed facts, and in our opinion, excluding the accomplice testimony, the evidence was amply sufficient to show that plaintiff in error transported the whisky as charged. It is only when there is a total failure of substantial evidence of the elements, or some one element, of an offense that this court on appeal is permitted to reverse a conviction on the ground that the evidence is insufficient to sustain it. The case was submitted to the jury on correct instructions. The trial was in all respects fair, and we are unable, after a careful examination, to find anything in the record sufficient to create a doubt as to the correctness of the result, or to warrant us in interfering with the verdict.

The judgment is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.